**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| JUAN MARTINEZ, | : | **CIV. NO. 19-17195 (RMB-KMW)** |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| DETECTIVE DANIEL CHOE, *et al.*, | : | |
| | : | |
| Defendants | : | |

**BUMB**, DISTRICT JUDGE

Plaintiff Juan Martinez, a pretrial detainee confined in the Atlantic County Jail in Mays Landing, New Jersey, brings this civil rights complaint under 42 U.S.C. § 1983. (Compl., ECF No. 1.) Plaintiff filed an application to proceed *in forma pauperis* ("IFP") (ECF No. 1-1), which establishes his eligibility to proceed without prepayment of fees under 28 U.S.C. § 1915 and will be granted.

When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action and seeks redress from a governmental entity, officer or employee of a governmental entity, 28 U.S.C. § 1915(e)(2)(B), § 1915A(b) and 42 U.S.C. § 1997e(c) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. For the reasons discussed below, the Court

will dismiss the Complaint without prejudice for failure to state a claim.

I. *Sua Sponte* Dismissal

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when

2

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSION

    A.   The Complaint

Plaintiff alleges Detective Daniel Choe of the Prosecutor's Office in Mays Landing, New Jersey violated his constitutional rights by arresting him on February 14, 2019, and after hours of Plaintiff insisting he was innocent, Choe told him that if he wrote an apology to "the family," he would be released. (Compl., ECF No. 1 at 5.) After Plaintiff wrote the apology, he alleges the letter was used to prosecute him for a crime of which he was innocent.

(Compl., ECF No. 1 at 5.) Plaintiff further alleges that Choe threatened him, lied on his police report, and used Plaintiff's poor English language skills "to exploit this investigation." (Id.) Plaintiff also named the Prosecutor's Office as a defendant but did not make any specific allegations against it. (Compl., ECF No. 1 at 4.)

B. Claims Under 42 U.S.C. § 1983

A plaintiff may assert a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the constitutional deprivation was caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

A county prosecutor's office is a state agency for § 1983 purposes, and is not a person amenable to suit under § 1983. Mikhaeil v. Santos, 646 F. App'x 158, 161 (3d Cir. 2016) (citing Estate of Lagano v. Bergen Cty. Prosecutor's Office, 769 F.3d 850, 854–55 (3d Cir. 2014) (holding that New Jersey county prosecutors' offices are considered state agencies for § 1983 purposes when fulfilling their law enforcement and investigative—as opposed to administrative—roles)). The Court will therefore dismiss the § 1983 claims against the Prosecutor's Office with prejudice.

Detective Choe, as an employee of a state agency for purposes of his § 1983 claim, is not "a person" amenable to suit in his official capacity. See Estate of Lagano, 769 F.3d at 856. Plaintiff, however, may bring a § 1983 claim against Detective Choe in his personal capacity. (Id.) Liberally construing the Complaint, Plaintiff is asserting claims for false arrest, false imprisonment, malicious prosecution and violation of the Fifth Amendment protection against compelled self-incrimination.

1. Fourth Amendment False Arrest and False Imprisonment Claims

"To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." James v. City of Wilkes-Barre, 700 F.3d 675, 680 (3d Cir. 2012) (quoting Groman v.

5

Twp. of Manalapan, 47 F.3d 628, 634 (3d Cir. 1995); Dowling v. City of Phila., 855 F.2d 136, 141 (3d Cir. 1988)). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." Reedy v. Evanson, 615 F.3d 197, 211 (3d Cir. 2010) (quoting Orsatti v. N.J. State Police, 71 F.3d 480, 483 (3d Cir. 1995)).

To state a claim for false imprisonment under the Fourth Amendment, a plaintiff must allege facts indicating that (1) he was detained; and (2) the detention was unlawful. James, 700 F.3d at 682-83. Detention is unlawful, for purposes of a false imprisonment claim, if detention is without legal process. Wallace v. Kato, 549 U.S. 384, 389 (2007). "[W]here the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." O'Connor v. City of Philadelphia, 233 F. App'x 161, 164 (3d Cir. 2007) (citations omitted)).

Plaintiff alleges Detective Choe arrested and detained him for prosecution although he is innocent. Probable cause "'requires only a probability or substantial chance of criminal activity, not an actual showing of such activity.'" District of Columbia v. Wesby, 138 S. Ct. 577, 586 (2018) (quoting Illinois v. Gates, 462

6

U.S. 213, 243-44, n. 13(1983)). "To determine whether an officer had probable cause for an arrest, 'we examine the events leading up to the arrest, and then decide 'whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to' probable cause.'" Wesby, 138 S. Ct. at 586 (quoting Maryland v. Pringle, 540 U.S. 366, 371 (2003) (quoting *Ornelas v. United States,* 517 U.S. 690, 696 (1996)).

Plaintiff also alleges that Detective Choe lied in his police report. "[T]he mere existence of an allegedly incorrect police report fails to implicate constitutional rights." Jarrett v. Township of Bensalem, 312 F. App'x 505, 507 (3d Cir. 2009). Therefore, Plaintiff's allegations of his innocence and that Detective Choe falsified his police report fail to state a claim. The Court will dismiss the false arrest and false imprisonment claims without prejudice.

    2.   Fourth Amendment Malicious Prosecution Claim

The elements of a malicious prosecution claim under § 1983 are: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal

7

proceeding. Kossler v. Crisanti, 564 F.3d 181, 186 (3d Cir. 2009) (quoting Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003)). Plaintiff has not alleged facts indicating that Detective Choe arrested him and initiated a criminal proceeding without probable cause nor has Plaintiff alleged that the criminal proceeding ended in his favor. Therefore, Plaintiff fails to state a malicious prosecution claim. The Court will dismiss this claim without prejudice.

    3.    Fifth Amendment Protection Against Compelled Self-Incrimination

Plaintiff alleges Detective Choe violated his Miranda rights by telling him that if he wrote a letter of apology he would be released from custody but instead the letter was used to prosecute him. Miranda claims fall under the Fifth Amendment protection against compelled self-incrimination. Renda v. King, 347 F.3d 550, 557-58 (3d Cir. 2003). "Questioning a plaintiff in custody without providing Miranda warnings is not a basis for a § 1983 claim as long as the plaintiff's statements are not used against her at trial." Id. (citing Chavez v. Martinez, 538 U.S. 760, 767 (2003)); see Ojo v. Luong, 709 F. App'x 113, 118 (3d Cir. 2017) ("it is the use of coerced statements during a criminal trial, and not in obtaining an indictment, that violates the Constitution") (quoting Renda, 347 F.3d at 559) (emphasis in Ojo)).

8

Plaintiff alleges that the letter he wrote at Detective Choe's behest was used to prosecute him. It is not clear, however, that the letter was used at trial. The Court will dismiss this claim without prejudice, and Plaintiff may file an amended complaint if he can allege that he wrote the incriminating letter in custody without a <u>Miranda</u> warning and the letter was used against him at trial.

III. CONCLUSION

For the reasons stated above, the Court grants Plaintiff's IFP application and dismisses the Complaint for failure to state a claim. An appropriate order follows.

DATE: <u>December 3, 2019</u>

<u>s/Renée Marie Bumb</u>
**RENÉE MARIE BUMB**
**United States District Judge**